CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ZACHARY M. GLIMCHER (CABN 308053)
Special Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Zachary.Glimcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIK CONTRERAS<br><br>Defendant. | NO. 4:25-CR-00185-JST<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: August 28, 2026<br>Time: 9:30 am<br>Judge: Hon. Jon. S. Tigar |

## INTRODUCTION

On February 13, 2026, the defendant pled guilty to the One Count Information filed on June 27, 2025, charging him with one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). PSR ¶¶ 1-2. The conduct of which the defendant was convicted is not the entirety of the conduct that should be considered before and in imposing a just sentence.

For the reasons set forth below, the government recommends that the Court sentence the defendant to 78 months imprisonment and 10 years of supervised release.

## BACKGROUND

### A. Offense Conduct

#### 1. Defendant Found in Possession of CSAM

The defendant came to federal law enforcement attention in or around September 2023, when a federal agent posing in an undercover capacity (UC) on an online platform known for trafficking in child sexual abuse material (CSAM) was messaged by the defendant. PSR ¶¶6-7. The impetus behind the subsequent online interactions between the defendant and the UC was the UC's proposition of allowing the defendant to meet up with the UC's fictitious daughter for the purpose of engaging in sexually explicit conduct with her, and when he learned she was 12 years old, the defendant commented, "…she's at the perfect age." PSR ¶¶7-10.

The defendant went on to describe his future plans that included starting a family in order to groom and molest his own children, as well as his past experience of having engaged in sexually explicit conduct with a minor female approximately 13 to 14 years old. PSR ¶7, 9.

After discussing a future meetup with UC and his daughter, the defendant sent the UC a video depicting a minor female being anally penetrated by an adult male, and he also sent a picture of his own genitalia, asking they be shown to the UC's daughter. PSR ¶10.

On October 27, 2023, law enforcement executed a federal search warrant at the defendant's residence recovering a laptop and phone belonging to the defendant which contained CSAM. PSR ¶13. Forensic extraction of the seized devices recovered approximately 31 pictures and 15 videos on the defendant's phone and approximately 554 pictures and 771 videos on his laptop. PSR ¶15. The content

of some of the images and videos recovered from both devices depicted victims young enough to still be in diapers being sexually penetrated and minors estimated to be as young as five performing sex acts on adults. PSR ¶¶13-15. One video, almost six minutes long, depicts an infant female whose diaper is removed by a topless adult female, who then inserts an ice cube into the infant's vagina and anus. The infant's legs are then spread and bound, and the child is hung upside down and her mouth is taped shut. While the child is hung upside down, the adult female touches the child's vagina before clothespins are affixed to the child's vagina and nipples, and hot wax is dripped on the child. PSR ¶¶13-15.

**B. Procedural History**

On June 27, 2025, a one-count Information was filed, charging the defendant with one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). PSR ¶1

On February 13, 2026, the defendant pled guilty to the Information filed PSR ¶2. Sentencing is currently scheduled before this Court for August 28, 2026.

**DISCUSSION**

**A. Legal Standard**

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include (among other factors):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B. Sentencing Guidelines Calculation**

As set forth in the Plea Agreement, the Sentencing Guidelines calculation for the defendant's offense level is as follows:

| | |
|---|---|
| COUNT 1: BASE OFFENSE LEVEL (U.S.S.G. § 2G2.2(a)(1)) | 18 |
| SPECIFIC OFFENSE CHARACTERISTICS | |
| The material involved a prepubescent minor (U.S.S.G. § 2G2.2(b)(2)) | +2 |
| The material involved sadistic conduct and the sexual abuse or exploitation of an infant or toddler (U.S.S.G. §§ 2G2.2(b)(4)(A) and (b)(4)(B)) | +4 |
| The defendant possessed images and videos of child pornography on and by using electronic devices, including a cellphone and computer. USSG §2G2.2(b)(6). | +2 |
| The offense involved 600 or more images (U.S.S.G. § 2G2.2(b)(7)(D)) | +5 |
| Adjusted Offense Level | 31 |
| Acceptance of responsibility (U.S.S.G. § 3E1.1) | -3 |
| Total Adjusted Offense Level | 28 |

The parties agree with that the defendant's Criminal History Category (CHC) is I. Per the plea agreement, the parties agreed the total offense level is 28. With a total offense level of 28 and a CHC I, the Guideline range associated is 78-97 months. The Government agrees that this range is supported by the facts stipulated to in the Plea Agreement agreement; for reasons explained below, the government recommends a custodial sentence of 78 months, in concurrence with the terms of the Plea Agreement.

**C. The Government Recommends 78 Months of Imprisonment Based on the 18 U.S.C. § 3553(a) Factors**

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a **custodial sentence of 78 months** to be followed by a 10-year term of supervised release. Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offenses, to provide just punishment and protect the community, to deter the defendant from recidivating, and to account for the

significant aggravating factors present in this case.

The defendant possessed hundreds of images containing CSAM, some of which included sexual and violent abuse against minor children, toddlers, and infants. Indeed, the case agent, whose work focuses on child exploitation investigations, remarked that the video described at paragraph 15(b) of the PSR is the worst depiction of CSAM he had ever observed.

The victim impact statements included in the PSR demonstrate why possession of CSAM is so devastating to victims. PSR ¶¶ 21-45. The knowledge that this material is distributed and downloaded online causes victims of child sexual abuse to live with the constant fear that they will be recognized in public by people who have seen these videos and images. And although the defendant did not personally produce CSAM, participating in the market for CSAM further contributes to the sexual exploitation of children. Consistent with 18 U.S.C. § 3553(a), a considerable custodial sentence is necessary.

The conduct of which the defendant was convicted does not fully describe the conduct the Court should consider in imposing a sentence. The defendant's interest in CSAM dates back to 2016. Egregious, per se and deserving of time in prison, the defendant was not fully satisfied by mere possession of CSAM. By his own admissions, the defendant had previously engaged in sexually explicit conduct with a minor and were the opportunity to meet up with the UC's 12-year-old daughter to engage in sexually explicit conduct made a reality, he would have done it. He was "actually curious," and wanted "to be involved." PSR ¶8. Given the opportunity, the defendant would have engaged in hands-on sexual conduct with a 12-year-old.

The Court should send the message that this type of behavior will not be tolerated. A custodial sentence of 78 months—which represents the low-end of the Guidelines range agreed upon in the parties' Plea Agreement—is sufficient, but not greater than necessary, taking into account the factors set forth in 18 U.S.C. § 3553(a). As described above, the defendant's crimes were and serious, and they merit a lengthy sentence. A sentence of 78 months would also serve the general and specific deterrence goals of § 3553 by signaling to potential offenders that the possession of CSAM will not be tolerated. And such a sentence would signal to survivors of such exploitation that the criminal justice system takes their concerns about the continued trafficking CSAM seriously.

## CONCLUSION

For the foregoing reasons, with full consideration of the Sentencing Guidelines, the goals of sentencing, and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to a sentence of **78 months of imprisonment,** to be followed by 10 years of supervised release (with the conditions recommended by the U.S. Probation Office), forfeiture as detailed in the PSR, and restitution.

DATED: August 20, 2026

*/s/*
ZACHARY M. GLIMCHER
Special Assistant United States Attorney